[No. 1360.]

JOHN CONE v. THE STATE.

| 13 | 483 |
| 34 | 491 |

1. CONTINUANCE—PRACTICE IN COURT OF APPEALS.—Without a bill of exceptions to the refusal of a continuance by the court below, the ruling will not be revised by this court.

2. RAPE—CHARGE OF THE COURT.—In a trial for rape wherein the inculpatory evidence was positive and direct, the trial court gave in charge to the jury the presumption of innocence and the doctrine of reasonable doubt, but refused to instruct that the evidence must exclude every

hypothesis other than that of guilt. *Held*, that the charge given was sufficient and the refusal not error. Otherwise if the conviction rested on circumstantial evidence.

3. FACT CASE.—See evidence held sufficient to sustain a capital conviction for rape.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. Gustave Cook.

The conviction was for the rape of Mrs. E. M. Scott, and the penalty of death was assessed by the verdict.

Mrs. Scott was the first witness for the prosecution. Her testimony was brief and to the point. It was as follows:

"My name is Effie M. Scott. On January 16, 1882, I lived near the ten-mile tank on the Galveston, Harrisburg and San Antonio railroad, in Harris county. At that time and place the defendant committed an outrageous assault upon me. I was at home; my husband was absent at his work. I was alone. The defendant came to my house about eleven o'clock a. m., and asked me how far it was to Galveston. I told him that he could find out at the tank. He asked me for something to eat. I told him that there was a boarding house over at the tank, and that he could get something to eat over there; that I had nothing cooked. He then asked me what time it was. As I turned to look at the clock, he caught me by the hand and neck, and I screamed. He then took an iron boot-jack and struck me twice over the head. I have the scars yet. (Here she exhibited the scars.) He then took a stove lid and beat me with it. He told me if I did not stop screaming he would kill me. He pulled up my clothes and got on me, and entered my private person with his male member. He ravished, and had carnal knowledge of me by violence and against my will. I know the defendant to be the man who committed the act. I identify him to be the man beyond all doubt. I went to the jail and picked him out and identified him among fourteen other negroes. The sheriff let them all out in the jail together, and I went up to the defendant and identified him as the man."

On her cross-examination, the witness stated that she had never seen the defendant before the assault. She could not possibly be mistaken in his identity. She recognized him by his general appearance. After the accomplishment of his purpose the defendant ran off toward's Bray's bayou. He came down

the railroad from towards Stafford's Point.    The cross-examination utterly failed to shake the testimony of the witness.

Phil. Fowler testified, for the State, that he lived at Stafford's Point.    On the morning of the alleged assault upon Mrs. Scott, at about half-past seven o'clock, he saw the defendant traveling down the railroad towards the ten-mile tank.    Stafford's Point is about ten miles distant from the ten-mile tank.    The witness was positive that the defendant was the man he saw on that occasion.

W. Parrish, the jailer, testified, for the State, that Mrs. Scott came to the jail to see if she could recognize the man who outraged her.    He turned out fourteen prisoners, all colored, and she identified the defendant at once.    Witness mixed them up, and she identified him again.

The effort of the defense was to prove an alibi.    The father of the defendant testified that the defendant was at home and in sight of home all day on the day of the alleged offense.

The motion for new trial denounced the verdict as unsupported by the law or the evidence, assailed the action of the court in overruling the defendant's motion for a continuance, and for refusing the special charge asked by the defendant.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, J.    This appeal is from a judgment of conviction of the crime of rape, the penalty assessed against the defendant being death.    We have not had the benefit of a brief or argument in the case in behalf of the defendant, but we have cautiously, and we think thoroughly, examined the record, and duly investigated and considered every question presented by it.

No exceptions were taken to the sufficiency of the indictment, and none could be successfully urged to it, because it is in every essential valid.

Defendant presented an application for a continuance of the cause, which was by the court overruled, but the record contains no bill of exceptions to this action of the court, and without a bill of exceptions in the record the refusal of a continuance will not be revised by this court.    (*Taylor* v. *The State*, 12 Texas Ct. App., 489; *Delphino* v. *The State*, 11 Texas Ct. App., 30; *Gaston* v. *The State*, Id., 143; *Hollis* v. *The State*, 9 Texas

Ct. App., 643; Clark's Crim. Laws, p. 474, note "District Court;" Rule 55a.)

We think the charge of the court is unexceptionable, and it was not excepted to. It presents the law applicable to the evidence in a full, explicit manner, and as favorably to the defendant as was demanded by the testimony. Defendant's counsel asked but a single charge, which was refused by the court. It was as follows: "The evidence for the state must exclude every other hypothesis but that of the prisoner's guilt, and unless it is so conclusive you shall find defendant not guilty." This, or a similar charge, would have been required if the evidence of defendant's guilt had been entirely circumstantial, but such was not the defendant's case. His guilt was established by direct and positive evidence, as much so as it is possible for human evidence to be. In his general charge, the learned judge instructed the jury that the law presumed the defendant to be innocent until his guilt was established to their satisfaction beyond any reasonable doubt, and that unless the evidence so satisfied them they must acquit the defendant. This, we think, was as much upon this branch of the case as the defendant was entitled to, and, under the facts, it certainly would have been error for the court to have given the jury the special charge requested by defendant's counsel.

In conclusion, we can say that, after a careful examination of the evidence as presented by the record, we think it fully supports the verdict of the jury, and justified the infliction upon the defendant of the extreme penalty of the law. It appears conclusively from the evidence that he brutally assaulted a married woman in her own house, during the absence of her husband, and when there was no protection near, and by beating her over the head with dangerous instruments, and by means of his superior physical strength, he finally succeeded in accomplishing his fiendish purpose, which was the ravishment of this unprotected woman. While by this conviction he has been adjudged to pay with his life the penalty of his heinous offense, we do not hesitate to say that in our judgment he has had a fair and impartial trial in accordance with all the forms of the law, and that, as far as it is apparent to our finite minds, he justly deserves to die for his high crime.

The judgment of the court below is in all things affirmed.

*Affirmed.*

Opinion delivered February 17, 1883.